## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Deborah Ash,                                          Civ. No. 14-0590 (PJS/JJG)

        Plaintiff,

v.                                                    **REPORT AND RECOMMENDATION**

Richard Malacko,

        Defendant.

---

JEANNE J. GRAHAM, United States Magistrate Judge

The above-captioned case is before the Court on Plaintiff's Motion for Attorney Fees. (Pl.'s Mot. for Att'y Fees, July 7, 2014, ECF No. 13.) The Motion has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's request be granted and Plaintiff be awarded $2,475 for attorney fees incurred in reaching a settlement.

## I.    Background

On March 4, 2014, the University of Minnesota's Legal Clinic ("the Clinic"), headed by Professor Prentiss Cox, filed a Complaint on behalf of Plaintiff Deborah Ash. (Compl., Mar. 4, 2014, ECF No. 1.) The Complaint alleged that Defendant Richard Malacko violated provisions of 15 U.S.C. § 1692, subsections (c) through (e), more commonly known as the Fair Debt Collections Practices Act ("FDCPA"). (*Id.* ¶¶ 4, 29.) Defendant sent his Offer of Judgment, dated April 30, 2014, to Plaintiff. (Bolstad Aff. Ex. A, July 7, 2014, ECF No. 16.) The terms of the offer included "reasonable attorneys' fees incurred to date" and stated that "[the] offer of judgment is made for the purposes specified in Rule 68, and is not to be construed as an

admission of liability or damages." (*Id.*) Plaintiff accepted the offer on May 13, 2014. (Bolstad Aff. ¶ 3.) The following day, Plaintiff requested the attorney fees in accordance with the offer, but Defendant refused to pay them. (*Id.* ¶¶ 5-7.)

As a result of Defendant's failure to pay, Plaintiff filed the Motion for Attorney Fees now before this Court. (Pl.'s Mot. for Att'y Fees.) In support of her motion, Plaintiff submitted an itemized statement detailing the time spent on the matter by student attorney Samuel Bolstad, clinic supervisor Professor Cox, and an attorney from Legal Aid.[1] (Bolstad Aff. Ex. B.) The supporting memorandum also argued that awarding attorney fees for work done by student attorneys in a legal clinic is proper. (Pl.'s Mem. in Supp. of Mot. 3-4, July 8, 2014, ECF No. 15.) Plaintiff requested that Mr. Bolstad's work be billed at an hourly rate of $100 and Professor Cox's work be billed at an hourly rate of $350. (Bolstad Aff. Ex. B.) In support of these rates, Plaintiff filed supplemental briefing to the Court delineating the legal experience of both Mr. Bolstad and Professor Cox. (Bolstad Supplemental Aff. Ex. A & B, July 28, 2014, ECF No. 21.) Plaintiff also cited cases outlining reasonable rates for advocates with similar experience. (Pl.'s Supplemental Mem. in Supp. of Mot. at 4.)

Defendant claimed that he should not have to pay any attorney fees because (1) this case involves an accepted offer for settlement, not a party prevailing in court, so principles of contract interpretation, rather than fee-awarding statutes, should control; (2) the settlement agreement included the term "incurred," and no fees have been incurred to date; (3) the attorney fees requested are unreasonable. (Def.'s Mem. 2-6, July 15, 2014, ECF. No. 19.) In supplemental briefing, Defendant argued that Mr. Bolstad's affidavit and résumé and Professor Cox's

---

[1] Plaintiff has since withdrawn her request for fees for work done by Legal Aid. (*See* Pl.'s Supplemental Mem. in Supp. of Mot. 1 n.1, Aug. 1, 2014, ECF No. 23.)

curriculum vitae were insufficient to show that the fees charged were reasonable. (Def.'s Responsive Briefing 4-7, Aug. 1, 2014, ECF No. 22.)

Plaintiff countered that the term "incurred" used in the settlement agreement should not limit the attorney fees to those "*actually* incurred." (Pl.'s Supplemental Mem. in Supp. of Mot. at 2 (citing *Raney v. Fed. Bureau of Prisons*, 222 F.3d 927, 929 (Fed. Cir. 2000)).) Instead, the award should include fees for work completed but not yet billed, even if the Clinic did not plan to charge Plaintiff for that work. (Pl.'s Mem. in Supp. of Mot. at 4.) In the alternative, Plaintiff argued, the term "incurred" is ambiguous and should be construed against the drafter—Defendant—to include fees from the Clinic. (Pl.'s Supplemental Mem. in Supp. of Mot. at 3.)

## II.    Discussion

### A.      Attorney fees incurred

The FDCPA includes a fee-shifting statute that requires a defendant to pay "the costs of the action, together with a reasonable attorney's fee as determined by the court" in the "case of any successful action to enforce . . . liability [under the FDCPA]." 15 U.S.C. § 1692k(a)(3). Reasonable attorney fees under the FDCPA and other federal fee-shifting statutes include fees for non-profit legal services. *See Raney*, 222 F.3d at 933 ("The Supreme Court's instructions in *Blum* are crystal clear that a non-profit legal services organization is entitled to receive a prevailing market rate pursuant to a statute that authorizes the prevailing party to be awarded 'a reasonable attorney's fee as part of the cost.'" (quoting *Blum v. Stenson*, 465 U.S. 886, 894 (1984))).

Fees are still awarded under this rule, even when there is an offer of judgment under Rule 68. *See Fletcher v. City of Fort Wayne*, 162 F.3d 975, 976-77 (7th Cir. 1998) (Easterbrook, J.). In *Fletcher*, the court had before it a Rule 68 offer of judgment with the following language: "This

offer is not to be construed as an admission that the Defendants are liable in this action or that

Plaintiff suffered any damages." *Id.* at 977. Judge Easterbrook opined:

> Defendants think that these are magic words that preclude awards of attorneys'
> fees, but that can't be right. Plaintiffs who accept Rule 68 offers accept the
> *money*, not the defendants' self-serving characterizations. . . . That the agreement
> contained the defendants' we-admit-nothing slug line would not prevent the
> plaintiffs from asking the court to treat them as prevailing parties. . . . [P]laintiffs
> may "prevail" by settlement as well as by victory at trial.

*Id.*

When it comes to the meaning of the word "incurred" as used in an offer of judgment,

"courts have neither interpreted the 'incurred' term in these statutes to restrict or limit the

payment of fees to those *actually* incurred, nor prevented market-rate fees from being awarded."

*Ramey*, 222 F.3d at 934.

The Offer of Judgment in this case contains language similar to that in *Fletcher*. (*See*

Bolstad Aff. Ex. A ("This offer of judgment is made for the purposes specified in Rule 68, and is

not to be construed as an admission on liability or damages.").) Defendant argues that such

language means the Court should treat the Offer of Judgment as a settlement and therefore not

consider Plaintiff to be a prevailing party for the purposes of 15 U.S.C. § 1692k(a)(3). The Court

is not persuaded. The Offer of Judgment does not preclude Plaintiff from being treated as a

prevailing party. The Clinic, as a nonprofit entity, is still entitled to attorney fees under *Blum* and

*Raney* for the work done on behalf of Plaintiff. Finally, the term "incurred" should not be

interpreted to mean only those fees "actually incurred." Defendant drafted the offer and could

have included such language if he had wished to restrict the amount of attorney fees. He did not.

Therefore, the fees should include time spent on Plaintiff's case from the time when the Clinic

conducted its initial interview of Plaintiff. (*See* Bolstad Aff. Ex. B.)

Any argument Defendant makes that he relied on Mr. Bolstad being a student attorney and Plaintiff being represented by the Clinic in drafting the Offer suggests that he has misread or misunderstood the Local Rules. *See* D. Minn. Local Rule 83.8(b)(5) ("The law student must not accept compensation in connection with the matter, except that a paid intern may receive compensation from his or her employer. But the law-school supervised program in which the law student is enrolled may accept compensation other than from a client . . . .")

As such, Defendant's argument fails, and the Court is satisfied that attorney fees were properly "incurred" within the meaning of the Offer of Judgment.

**B.      Reasonableness of the fees requested**

With respect to the reasonableness of hourly rates, "the burden is on the moving party to provide evidence supporting the rate claimed." *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). The amount of attorney fees due is to be "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum*, 465 U.S. at 895; *see also Jordan v. U.S. Dep't of Justice*, 691 F.2d 514, 523-24 (D.C. Cir. 1982) (noting that "fee allowances are basically to be measured by the market value of the services rendered, not the amount actually received by the attorney nor the amount that would have been received absent an award of fees").

Plaintiff requests $2,475 in fees for 18.5 hours of work—2.5 by Professor Cox and 16 by Mr. Bolstad. (Pl.'s Supplemental Mem. in Supp. of Mot. at 4.) In support of that motion, Plaintiff has submitted an affidavit from Mr. Bolstad outlining the legal experience he and Professor Cox have. (*See* Bolstad Aff. Ex. A & B.) In support of the reasonableness of Professor Cox's hourly rate, Plaintiff cites *Phenow v. Johnson, Rodenberg & Lauinger, P.L.L.P.*, 766 F. Supp. 2d 955,

957 (D. Minn. 2011), and *Gupta v. Arrow Fin. Servs., L.L.C.*, Civ. No. 09-3313, 2012 WL 1060054, at *1-2 (D. Minn. Mar. 29, 2012). (Pl.'s Supplemental Mem. in Supp. of Mot. at 4.) In *Phenow*, a court in this district found that $350 was a reasonable rate for the lead attorney in an FDCPA case. 766 F. Supp. 2d at 957. In support of this finding, the *Phenow* court cited *Hixon v. City of Golden Valley*, Civ. No. 06-1548 (D. Minn. Dec. 13, 2007), in which the court found that $400 was a reasonable rate for a lead attorney. Professor Cox's rate of $350 is reasonable for a lead attorney in an FDCPA case. He has been working as a lawyer for over 23 years, teaches courses on consumer protection, and oversees law students in a consumer-protection legal clinic.

As for Mr. Bolstad, Plaintiff cites several cases to support the hourly rate of $100. (Pl.'s Supplemental Mem. in Supp. of Mot. at 4); *see Rasmusson v. City of Bloomington*, Civ. No. 12-00632, 2013 WL 3353931, at *2-3 (D. Minn. July 3, 2013) (finding rate of $100 per hour for work performed by paralegals to be reasonable); *Lopez v. Xtel Constr. Grp., L.L.C.*, 838 F. Supp. 2d 346, 353 (D. Md. 2012) (finding rate of $105 per hour for work performed by student attorneys to be reasonable); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, 643 F. Supp. 2d 1094, 1106 (D. Minn. 2009) (finding rate of $100 per hour for work performed by paralegals to be reasonable). The reasoning in these cases is persuasive, and Mr. Bolstad's affidavit and résumé support the Court's finding that the fee Plaintiff requests is reasonable. Mr. Bolstad is a bright law student and already has a significant amount legal experience, including eleven months in the Clinic alone.

The number of hours billed is also reasonable. Professor Cox billed only 2.5 hours, a relatively small amount of time. He never spent more than half an hour on any one project, and he performed a supervisory role in many of them. (*See* Bolstad Aff. Ex. B (indicating Professor Cox spent "0.3 [hours on the] Complaint," while Mr. Bolstad spent "2.6 [hours] Drafting

Complaint on [Plaintiff's] Case.) By allowing Mr. Bolstad to take the lead and complete the tasks in the case that required more time, he saved Defendant money.

As far as Mr. Bolstad is concerned, much of his time was spent speaking with his client, drafting court documents, and researching for the case. (*Id.*) As an attorney, he was required to remain in contact with his client, and the amount of time he spent on the case was reasonable. Mr. Bolstad's biggest project was drafting the Complaint, which took 2.6 hours. (*Id.*) The Court finds that to be an entirely reasonable amount of time to spend on such a project. Finally, even an experienced attorney often must spend at least some time researching an issue. It was not unreasonable for Mr. Bolstad to have spent time researching the specific defenses Defendant raised, nor was it unreasonable for him to do research prior to the Rule 26(f) conference. (*See id.*)

In conclusion, the 18.5 hours billed at the rate of $350 per hour for Professor Cox and $100 per hour for Mr. Bolstad are reasonable. Adding the fees owed for Professor Cox's time (2.5 hours x $350/hour = $875) and for Mr. Bolstad's (16 hours x $100/hour = $1,600) gives a total award of attorney fees of $2,475.

## III.   Conclusion

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Attorney Fees be **GRANTED** in the amount of $2,475.


Dated: August 18, 2014                    *s/Jeanne J. Graham*

                                          _____
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **<u>September 1, 2014</u>**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.